United States District Court
Southern District of Texas

**ENTERED**

February 18, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RODNEY PAUL F. SR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-683** |
| | § | |
| **FRANK BISIGNANO,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM AND RECOMMENDATION

Plaintiff Rodney Paul F., Sr. ("Plaintiff") filed this lawsuit against Defendant Frank Bisignano[1] ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (ECF Nos. 1, 14). Pending before the Court[2] are the Parties' cross-motions for summary judgment. (ECF Nos. 10, 12). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 12) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 10) be **DENIED**. The Court **FURTHER RECOMMENDS** the

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] On February 24, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 4).

Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

## I.    Background

Plaintiff filed a claim for disability insurance benefits on August 18, 2023, alleging disability starting on August 14, 2023.  (ECF No. 6-1 at 18).[3] Plaintiff's claims were initially denied by the Social Security Administration on January 17, 2024, and again on reconsideration on April 4, 2024.  (*Id.*).  On April 8, 2024, Plaintiff requested a hearing before an Administrative Law Judge.  (*Id.*).  On August 30, 2024, Administrative Law Judge Thomas J. Helget (the "ALJ") held a telephonic hearing.  (*Id.*).  Plaintiff was represented by counsel at the hearing.  (*Id.*).  Cecile M. Johnson, a vocational expert ("VE"), appeared and testified at the hearing.  (*Id.*).

On September 18, 2024, the ALJ issued a decision, finding Plaintiff not disabled at Step Five.[4]  (*Id.* at 27–28).  At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 14, 2023, the alleged onset date.  (*Id.* at 20).  At Step Two, the ALJ found Plaintiff has the

---

[3] The Administrative Record in this case can be found at ECF No. 6.

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.  *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

following severe impairments: "morbid obesity; degenerative disc disease, lumbar spine; osteoarthritis, bilateral knees; diabetes mellitus; sleep apnea; migraine headaches; post-traumatic stress disorder; major depression; adjustment disorder; anxiety; alcohol abuse (20 CFR 404.1520(c))." (*Id.*).  At Step Three, the ALJ found Plaintiff: "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 21).  The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: claimant can stand/walk for 4 hours, in an 8 hour workday; claimant can sit for 6 hours in an 8 hour workday; occasionally climb ramps or stairs; never climb ropes, ladders or scaffolding; occasional balancing, stooping, kneeling, crouching or crawling; no work at unprotected heights, dangerous moving machinery, hazards, no driving; is able to understand, remember, and carry out detailed, but not complex instructions, but no work performed in a production rate environment, such as assembly lime [sic] work; limited to occasional interaction with supervisors, coworkers, and the general public.

(*Id.* at 23).  At Step Four, the ALJ found Plaintiff "is unable to perform any past relevant work." (*Id.* at 26).  At Step Five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform—such as a storage facility rental clerk, office helper, photocopy machine operator—and therefore Plaintiff was not disabled as defined under the Social Security Act.  (*Id.* at 27–28).

3

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on December 19, 2024.  (*Id.* at 5).  Thus, the ALJ's decision represents the Commissioner's final decision in the case.  *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.    Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential.  *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'"  *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).    When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence.  *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence."  *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).  "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'"  *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

4

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III. Discussion

Plaintiff argues remand is required because (1) the ALJ's RFC finding fails to include mental limitations identified in the record or explain why those limitations were omitted; (2) the ALJ's evaluation of the medical opinion evidence is insufficient to permit judicial review; and (3) the ALJ did not properly provide evidence at step five that Plaintiff could perform a significant number of jobs in the national economy. (ECF No. 10 at 1–3). The Commissioner argues that the ALJ did not err in finding Plaintiff was not

5

disabled under the Social Security Act.  (ECF No. 12 at 4).  Plaintiff also filed a notice of supplemental authority, stating that the court in *K.L.J. v. Comm'r, Soc. Sec. Admin.*, No. 24-cv-3065, 2025 WL 3170490 (D. Colo. Nov. 7, 2025), ruled on the same issue—"a legal challenge that the ALJ had found that Plaintiff suffered from a severe mental impairment but offered an RFC finding which did not reflect the existence of any severe mental impairment"—and issued a decision in conformity with Plaintiff's position here.  (ECF No. 14).

## A. Mental Limitations

First, Plaintiff argues remand is required because the ALJ failed to include the mental limitations he identified as credible in the RFC finding or to explain their omission.  (ECF No. 10 at 3– 7).  Specifically, Plaintiff argues that the ALJ failed to incorporate into the RFC the moderate mental limitations stemming from his severe mental impairments, particularly the "moderate" limitation in "concentrating, persisting, or maintaining pace," and that consequently the RFC—allowing for "detailed" instructions instead of "simple" ones—does not adequately reflect those findings.  (*Id.* at 4–6).  The Commissioner argues that the regulations do not require the ALJ to incorporate verbatim the assessed mental limitations into the RFC determination, and therefore, "the ALJ reasonably accounted for any moderate limitations in maintaining concentration, persistence or pace by limiting Plaintiff to performing detailed but not complex tasks and instructions, no

6

production rate work, and occasional interaction with supervisors, coworkers, and the general public." (ECF No. 12 at 5–6).

Here, the ALJ found the severity of Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04 ("depressive, bipolar and related disorders") and 12.06 ("anxiety and obsessive-compulsive disorders"). (ECF No. 6-1 at 22). The ALJ evaluated Plaintiff's mental impairments under the "paragraph B" criteria and found a "mild limitation" in understanding, remembering, or applying information and in adapting or managing oneself; and a "moderate limitation" in interacting with others and in concentrating, persisting, or maintaining pace.[5] (*Id.* at 22–23). The ALJ expressly noted that the "limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (*Id.* at 23). The ALJ then proceeded to formulate a mental RFC for steps four and five. (*Id.*).

The RFC limits Plaintiff to understanding, remembering, and carrying out "detailed, but not complex instructions;" prohibits "work performed in a production-rate environment," such as assembly-line work; and restricts

---

[5] "To satisfy the paragraph B criteria, [the] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." *Saunders v. Comm'r of SSA*, No. 1:21-cv-23, 2022 WL 4464373, at *2 (S.D. Miss. Sep. 26, 2022) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(2)(b)).

Plaintiff to "occasional interaction with supervisors, coworkers, and the general public." (*Id.*). The ALJ stated that "residual functional capacity assessment reflects the degree of limitation [he] found in the 'paragraph B' mental function analysis." (*Id.*).

As the ALJ properly recognized, the regulations and social security rulings provide that the paragraph B criteria are not themselves an RFC assessment. *See Miller v. Kijakazi*, No. 4:22-cv-03905, 2024 WL 1075485, at *5 (S.D. Tex. Mar. 12, 2024) ("[C]ourts recognize that Paragraph B findings, while relevant, 'do not require the use of any particular language' when formulating the RFC."); TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, SSR 96-8P, 1996 WL 374184, at *4 (providing limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment). Rather, the RFC determination "requires a more detailed assessment" of work-related functional limitations. SSR 96-8P, 1996 WL 374184, at *4. Courts in this circuit recognize that an ALJ is not required to incorporate paragraph B findings verbatim into the RFC, so long as the RFC reasonably accounts for the supported limitations. *See, e.g.*, *Honaker v. Kijakazi*, No. 2:22-cv-00285, 2023 WL 9503412, at *6 (S.D. Tex. June 12, 2023) ("The ALJ is not required to incorporate the 'paragraph B' functional limitations into the RFC assessment 'word-for-word.'"); *Scott v. Comm'r, Soc. Sec. Admin.*, No. 4:20-cv-01136, 2022 WL 4240888, at *10 (N.D. Tex. Sep. 14,

2022) ("[T]he ALJ is not required to incorporate the limitations identified in the Paragraph B functional areas as such limitations are not an RFC assessment as long as substantial evidence supports the ALJ's RFC determination.").

Here, the ALJ reasonably accounted for Plaintiff's moderate limitations in concentration, persistence, or pace by restricting him to detailed but not complex work and by eliminating production-rate work.  *See Bonner v. Berryhill*, No. 4:17-cv-0641, 2018 WL 3756837, at \*5 (S.D. Tex. Aug. 8, 2018) ("[T]he ALJ's RFC determination limiting [Plaintiff] to detailed but not complex work, with no forced pace/assembly line/production rate pace, reasonably incorporates [Plaintiff's] moderate difficulties in concentration, persistence, or pace that were discussed throughout the opinion.").  The ALJ further supported his findings with discussion of treatment records reflecting largely "normal mental status" examinations, "logical and goal directed" thought processes, "intact" "intellectual functioning," good judgment and insight, improvement with cognitive behavioral therapy, and reports that Plaintiff "tolerated [his] mental health medication regimen well."  (ECF No. 6-1 at 25).[6]

---

[6] Plaintiff's reliance on *K.L.J. v. Comm'r, Soc. Sec. Admin.*, 2025 WL 3170490, a district court decision from outside this circuit, does not compel a different result.  This Court does not require word-for-word incorporation of paragraph B findings into the RFC.  The issue is whether substantial evidence supports the RFC assessed—not whether a different

After reviewing the record, the Court concludes that substantial evidence supports the ALJ's mental RFC determination and that the ALJ applied the correct legal standards.

**B. Medical Opinion Evidence**

Second, Plaintiff argues remand is required because the ALJ's evaluation of the medical opinion evidence—specifically the opinion of internal medicine consultative examiner Dr. Faiyaz Bhojani—is "legally insufficient to permit meaningful judicial review." (ECF No. 10 at 7–12). The Commissioner argues that the ALJ properly considered the opinion of Dr. Bhojani and found it "somewhat persuasive." (ECF No. 12 at 7–9).

For claims filed after March 27, 2017, ALJs evaluate medical opinions under 20 C.F.R. § 404.1520c. Under that regulation, no deference or any specific evidentiary weight, including controlling weight, is given to any medical opinions or prior administrative medical findings, including those from medical sources. *Id.* at § 404.1520c(a). Instead, the ALJ must consider the persuasiveness of each opinion, focusing primarily on supportability and consistency. *Id.*

---

factfinder might have imposed greater limitations. *Glynn v. Soc. Sec. Admin.*, No. 24-cv-183, 2024 WL 5706063, at *7 (E.D. La. Nov. 22, 2024) ("The decisive issue is whether substantial evidence supports the ALJ's decision, not whether substantial evidence might support a different result. Under the substantial evidence standard, whether it might be possible to evaluate evidence differently and/or possibly reach a different conclusion is immaterial." (citing 42 U.S.C. § 405(g))).

Here, the ALJ found Dr. Bhojani's opinion "somewhat persuasive." (ECF No. 6-1 at 25). The ALJ noted that Dr. Bhojani's diagnostic impressions and certain findings were supported by his examination and diagnostic studies; however, the ALJ found that Dr. Bhojani's limitations regarding sitting, standing, and walking were not consistent with the totality of the evidence at the hearing level. (*Id.*). In support of that conclusion, the ALJ cited imaging studies showing only mild degenerative changes in Plaintiff's lumbar spine and mild osteoarthritis in his knee, as well as other record evidence. (*Id.*). Although Plaintiff argues that Dr. Bhojani's assessed limitations "may have led a vocational expert to find that [Plaintiff] could only perform sedentary, rather than light, occupations" (ECF No. 10 at 10), the ALJ was not required to adopt any medical opinion in full. "An ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion." *Claudio v. Comm'r of Soc. Sec.*, No. 4:23-cv-108, 2023 WL 4748218, at *5 (N.D. Tex. July 25, 2023) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009) (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987))). Moreover, the RFC determination is reserved to the Commissioner. *Joseph v. Astrue*, 231 F. App'x 327, 331 (5th Cir. 2007) ("[T]he determination of any legal conclusions (such as the ability to work) are reserved to the Commissioner.").

The ALJ articulated both supportability and consistency with respect to Dr. Bhojani's opinion and cited specific record evidence supporting the decision to limit Plaintiff to a reduced range of light work rather than sedentary work. The Court concludes that the ALJ's evaluation of Dr. Bhojani's opinion satisfies the articulation requirements of § 404.1520c and is supported by substantial evidence.

### C. Step 5

Finally, Plaintiff argues remand is required because the ALJ did not establish that Plaintiff could perform other work at step five of the sequential evaluation process. (ECF No. 10 at 12–16). The Commissioner argues that substantial evidence supports the ALJ's step five finding. (ECF No. 12 at 9–11).

The VE testified that an individual with Plaintiff's vocational profile and RFC could perform the representative occupations of storage facility rental clerk, office helper, and photocopy machine operator, and provided national job numbers for each. (ECF No. 6-1 at 27). The ALJ stated that the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT") and relied on that testimony in finding Plaintiff not disabled. (*Id.*).

However, Plaintiff first argues that the ALJ cited an incorrect DOT code for the "storage facility rental clerk" position in the written decision, as he cited

DOT 239.367-026, which refers to a service observer.[7]  (ECF No. 10 at 13).

Even so, the record reflects that the VE provided the correct DOT code at the

hearing and the ALJ's written reference appears to be a typographical error.

(*See* ECF No. 6-1 at 27, 54).  The ALJ expressly relied on the VE's testimony,

and there is no indication that the error affected the substance of the step-five

finding.  "Procedural perfection in administrative proceedings is not required.

This court will not vacate a judgment unless the substantial rights of a party

have been affected."  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citing

*Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983)).    In

addition, even absent the storage clerk position, the VE identified two

additional occupations with significant national job numbers.  (ECF No. 6-1 at

27, 53–54).   *See also Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000)

(acknowledging that the Department of Labor's Dictionary of Occupational

Titles job descriptions should not be given a role that is exclusive of more

specific vocational expert testimony with respect to the effect of an individual

claimant's limitations on his or her ability to perform a particular job); *id.* at

146–47 ("Moreover, claimants should not be permitted to scan the record for

implied or unexplained conflicts between the specific testimony of an expert

---

[7] *Compare* DICOT 239.367-026, 1991 WL 67228 (Service Observer) *with* DICOT 295.367-026, 1991 WL 672594 (Storage-Facility Rental Clerk).

witness and the voluminous provisions of the DOT, and then present that conflict as reversible error . . . .").

Plaintiff also contends that the jobs identified would require more than occasional interaction with supervisors during the training period. (ECF No. 10 at 13–14). The transcript reflects that the VE clarified this issue, explaining that while the training phase may involve more interaction, the jobs as generally performed require only occasional interaction. (ECF No. 6-1 at 56–58). The ALJ was permitted to rely on that testimony. *Carey*, 230 F.3d at 146 ("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, . . . the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.").

Because the ALJ posed a hypothetical that incorporated the limitations supported by the record, and relied on uncontradicted VE testimony identifying jobs existing in significant numbers in the national economy, substantial evidence supports the ALJ's step-five determination.

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 12) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 10) be **DENIED**.   The Court

**FURTHER RECOMMENDS** the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 18, 2026.

Richard W. Bennett
United States Magistrate Judge